UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH R. CALIHAN,<br><br>Plaintiff,<br><br>v.<br><br>GARRETT AUSTIN SLOINKER, et al.,<br><br>Defendants. | Case No. 19-cv-07645-EMC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Docket No. 1 |

### I.     INTRODUCTION

Kenneth R. Calihan, an inmate at the Santa Clara County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A. This order requires Mr. Calihan to file an amended complaint to correct several pleading deficiencies.

### II.     BACKGROUND

Mr. Calihan alleges that San Jose police officers Sloinker and Barrera "filed false charges" against him on August 30, 2019, and presented false information to the district attorney. Docket No. 1 at 3. This allegedly resulted in Mr. Calihan being stabbed by another inmate a couple of weeks later. *Id.* He also alleges that he expects the pending criminal charges to be dismissed. *Id.*

### III.     DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at

§ 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The complaint has several problems. Leave to amend is granted so that Mr. Calihan may file an amended complaint that cures the deficiencies identified in this order.

The complaint fails to state a claim based on allegations that two police officers filed false charges against him. He fails to identify the particular way in which the charges were false. To prevail on a § 1983 claim of deliberate fabrication of evidence, "a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." *Caldwell v. City and County of San Francisco*, 889 F.3d 1105, 1115 (9th Cir. 2018).

More significantly, it appears that Mr. Calihan's claim might be barred by the *Heck* rule. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence or other decision already has been determined to be wrongful. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing

2

an action that--even if it does not directly challenge the conviction or other decision--would imply that the conviction or other decision was invalid. The practical importance of the *Heck* rule is that plaintiffs cannot attack their convictions or sentences in a civil rights action for damages and instead must have successfully attacked the decision before filing the civil rights action for damages. The *Heck* rule requires dismissal of a case where the conviction has occurred. When the action is brought by a pretrial detainee and the criminal proceedings are still pending, the action will be stayed rather than dismissed if it would, if successful, "impugn an anticipated future conviction." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

Here, it appears that Mr. Calihan is in custody as a result of the very criminal charges that he alleges are false. It may be that success on Mr. Calihan's § 1983 claims would, if successful, call into question an existing or future conviction. The complaint is dismissed with leave to amend so that Mr. Calihan can provide some information necessary for the Court to determine whether there is a *Heck* problem in this case. In his amended complaint, Mr. Calihan list the criminal charges that were filed against him by officers Sloinker and Barrera. He also must explain the status of those charges, e.g., whether the charges are still pending, have resulted in a conviction, or have been dismissed. Mr. Calihan also must describe the statements in the report by officers Sloinker and Barrera that were false. He also should provide any other factual information he can think of to explain why the claim that the officers filed false charges should not be stayed or dismissed under the *Heck* rule.

The other claim in the complaint appears to be that Mr. Calihan was stabbed in jail. Mr. Calihan alleges that this stabbing was the result of the false charges filed against him by the police officers – apparently on the theory that, because their actions caused him to be jailed, they are liable for all bad things that eventually happen to him in jail. However, there must be a closer causal connection between alleged wrongdoing and injury than simply that the defendant caused the plaintiff to be put in a jail where the plaintiff was later injured. "In a § 1983 action, the plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury. To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir.

2008). Mr. Calihan must allege facts showing what defendants did or failed to do that caused him to be stabbed, beyond merely filing false charges that led to him being put in the jail where the stabbing occurred.

If Mr. Calihan believes that the stabbing occurred as the result of the conduct of some jail official(s), he may name the jail official(s) whose acts or inactions caused him to be stabbed. To state a claim that an individual official failed to protect a pretrial detainee, a plaintiff must allege facts showing these elements:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc), *cert. denied,* 137 S. Ct. 831 (2017).

The complaint also lists the San Jose Police Department as a defendant but makes no allegations against that entity. Mr. Calihan cannot hold a municipal entity liable simply because it employs the individual wrongdoers. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of another, such as an employee. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139, 1144 (9th Cir. 2012). Thus, a claim would not be stated against a city or a city's police department merely because that entity employed the alleged wrongdoers.

Local governments, such as the City of San Jose, are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690 (1978). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the

4

policy is the moving force behind the constitutional violation." *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conformed to a policy, custom or practice. *See id.* at 636-68. Leave to amend is granted so that Mr. Calihan may attempt to allege a *Monell* claim against the San Jose Police Department or City of San Jose. He must be careful to allege the specific policy, custom or practices of each municipal entity that he contends give rise to liability.

## IV. CONCLUSION

The complaint is dismissed with leave to amend. Plaintiff must file an amended complaint that complies with the directions in this order no later than **March 13, 2020**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims, except that he may not repeat claims the court has dismissed without leave to amend and may not repeat allegations against defendants the court has dismissed from this action. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint will result in the dismissal of this action.

**IT IS SO ORDERED**.

Dated: February 13, 2020

_____
EDWARD M. CHEN
United States District Judge